[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NEWLY ENHANCED HOMESTEAD EXEMPTIONS. P.A. 93-301
In what is probably the first litigation under this new Public Act which became effective on October 1st of this year, the defendants challenge the plaintiff's right to utilize our prejudgment remedy procedure to place a lien on their property.
The parties stipulated that the real property in question has a fair market value of $109,000 and is encumbered by a $98,000 mortgage. Probable cause is conceded by the defendants and $6,000 as to each defendant is agreed upon as to the appropriate lien amount should the plaintiff prevail. The defendant Nun [Nunu] Ferreira is an owner of the real property the plaintiff seeks to attach and occupies the premises as her primary residence.
I.
The defendant, Nunu Ferreira first argues that in view of the enactment of Public Act 93-301, and its effective date of October 1, 1993, the plaintiff's application for a prejudgment remedy, heard on October 4, 1993, must be denied.
The Act repeals Section 52-352a of the Connecticut General Statutes and increases the Homestead Exemption to $75,000. A "Homestead" is defined as "owner-occupied real property used as a primary residence".
Section three of the Public Act states that: "this act shall take effect on October 1, 1993, and shall be applicable to any lien for any obligation arising on or after said date".
This clear and unambiguous language appears dispositive of this claim advanced by the defendants. The legislative history of this exemption offers further support for this interpretation of section three. During debate in the House of Representatives, Representative Holbrook stated in support of the exemption, "We are not talking about anything here that is retroactive. It takes effect with any unsecured loans that occur after the date [October 1, 1993] . . ." House Debate, June 4, 1993, p. 90-91. CT Page 8555
A statement by Representative Farr in the legislative history creates some confusion regarding the effective date of the act and of obligations to which the act applies. Representative Farr states:
 ". . . Section 3 of this amendment says that this act shall take effect October 1 and shall be applicable to any lien for any obligation or any claim arising on or after said date.
 The bill itself deals with the $75,000 exemption is for in homestead exemption, would be for $75,000 for liens on the property. Those liens could be in existence prior to the effective date of this act. Is that correct? Just for legislative intent?"
House Debate, June 4, 1993, p. 65-66. Representative Samowitz responds that the above statement is correct. Ibid, 66. It would appear that the reference, in the above quote, to "liens [that] could be in existence prior to the effective date of the act" does not refer to judicial liens placed on the homestead for which this act would provide an exemption. Instead, this portion of the legislative history seems to refer to statutory or consensual liens, mentioned in Section 2(t), which encumber the homestead. These statutory or consensual liens, such as a tax lien or a mortgage, are used to determine the fair market value of the homestead under Section 2(t).
Section 2(T) reads:
 "The homestead of the exemptioner to the value of seventy-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it."
Thus, mortgages or other statutory or consensual liens that existed prior to the effective date of the act, October 1, 1993, are to be factored into a determination of the value of the homestead under Section 2(t). However, any judicial lien for any obligation or claim of the homesteader that existed prior to October 1, 1993, cannot be exempted under Section 2(t). CT Page 8556
II.
The defendant also argues that the existence of the homestead exemption prohibits the placement of a lien on her property. Section one of the act defines "exempt" as "not subject to any form of process or court order for the purpose of debt collection." Connecticut Public Acts No. 93-301, Section 1(c) (1993). In discussing the mechanics of the homestead exemption, Representative Varese sets forth the following hypothetical:
 "So, it is not inconceivable in the example that I gave before, with the consumer who sued the contractor for defective work and for taking the $10,000.
 But that consumer would get a judgment . . . The consumer then would be able to put a judgment lien on the contractor's real property, and that consumer would be secured.
 So, that later, if the contractor went to sell the house or went to do something else, he would have to get a release from the consumer and at that point in time, the consumer would be paid."
House Debate, June 4, 1993, p. 80-81. This hypothetical assumes the "consumer" is the creditor and the "contractor" is the debtor-homesteader. Thus, according to Representative Varese, the creditor may place the lien on the property but may not enforce the lien for the purpose of debt collection.
Another hypothetical is submitted by Representative Farr as follows:
 "If an individual has an unsecured creditor, the unsecured creditor goes out and gets a judgment, $50,000 judgment. He then gets a judgment lien on your property. He then says there is more than $75,000 of equity if you only have it in your home. And you say, no there isn't. Does he then start a foreclosure at which point, in the foreclosure, it is determined that there is less than $75,000 and therefore his foreclosure is unsuccessful? CT Page 8557 Does he have that right to use that remedy to determine whether or not there is $75,000? . . . . I take it the answer is yes on that."
House Debate, June 4, 1993, p. 85. Again, this hypothetical suggests that the legislature intends that the homestead exemption would allow the placement of the lien on the homestead, but would prohibit the enforcement of such a lien for the purpose of debt collection. Thus, Public Act Number 93-301 2(t) does not prohibit the placement of a judicial lien on the homestead but prohibits the enforcement of such lien.
This interpretation is consistent with the way homestead exemptions have been treated in other states with similar legislation.
Conclusion
The application for a prejudgment remedy is granted, in accordance with the stipulation of the parties recited above.
Solomon, Krupinoff Wyskiel for plaintiff.
Suisman, Shapiro, Wool, Brennan Gray for defendant.